

**Jeffrey R. Maguire**, Esq., Partner   o: (212) 939-7229   f: (212) 531-6129
a: 75 Maiden Lane, Suite 402, New York, NY 10038   e: jmaguire@stevensonmarino.com

October 4, 2021

<u>Via ECF</u>
The Honorable Roanne L. Mann
United States Magistrate Judge for the
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   *Zhulinska v. Niyazov Law Group, P.C. et al.*
<u>Docket No: 21-cv-1348 (CBA)(RLM)</u>

Dear Judge Mann:

    We represent named-Plaintiffs, Nadiia Zhulinska and Ilona Skala, and the opt-in Plaintiff, Marbella Santos (collectively as "Plaintiffs"), in the above-referenced action against Niyazov Law Firm, P.C. ("Niyazov Law") and Ariel Niyazov (collectively as the "Niyazov Defendants"), and AGA Legal Staffing, Inc. ("AGA Legal") and Gary Vainer (collectively as the "Vainer Defendants," and together with the Niyazov Defendants as "Defendants") alleging sexual harassment claims under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), the New York City Human Rights Law ("NYCHRL") and wage and hour claims under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). We write now, pursuant to the Your Honor's Individual Rules, as well as the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, Local Civil Rules ("Local Rules") 37.3 and 6.4, seeking an order to compel the production of documents from the Niyazov Defendants.

    On June 28, 2021, Plaintiffs served Requests for Production of Documents on the Niyazov Defendants. On September 3, 2021, the Niyazov Defendants served their responses to Plaintiffs' requests. *See* **Exhibit 1**, Niyazov Defendants Responses to Plaintiffs' Requests for Production of Documents ("Responses to RFP"). On September 22, 2021, Plaintiffs served a deficiency letter on the Niyazov Defendants seeking the production of documents that the Niyazov Defendants objected to producing in their Responses to RFP. *See* **Exhibit 2**, Plaintiffs' Deficiency Letter to Niyazov Defendants dated September 22, 2021. On September 29, 2021, pursuant to the Court's Individual Rules and Local Rule 37.3, Plaintiffs' counsel conducted a meet an confer with the Niyazov Defendants' counsel, David Feather, at 4:00 p.m. to address the Niyazov Defendants' deficiencies. Although the parties worked out two of the deficiencies, the parties' counsel failed to reach any agreement with respect to the two following Requests:

    Request No. 2, Plaintiffs requested production of all electronic mail, communications, and other documents sent intra-office or to third parties that refer or pertain to Plaintiffs during the Relevant Period.

1

Request No. 3, Plaintiffs requested production of all electronic mail, communications, and other documents sent intra-office or to third parties that refer or pertain to AGA Defendants regarding work performed for Defendants' legal practice during the Relevant Period.

During the parties' meet and confer, Plaintiffs explained that the documents were relevant not only with respect to their sexual harassment claims, but also relevant to establish Plaintiffs' claims of a joint employer relationship under the FLSA/NYLL and Title VII/NYCHRL. They are also relevant to the Niyazov Defendants' Fifth Affirmative Defense, which asserts that "Neither the Plaintiffs nor the Defendant Gary Vainer were employees of these answering Defendants as that term is defined in Title VII, the FLSA, or the applicable New York State and New York City laws and regulations." *See* Dkt. No. 17, pp. 16-17. Plaintiffs reiterated that their request is limited to ten months, from April 4, 2019 to February 14, 2020.

The parties attempted to narrow Request No. 2, with Plaintiffs proposing that the Niyazov Defendants provide: (1) all electronic mail to and from Plaintiffs at their Niyazov Law email address (nadia@niyazovlawgroup.com and ilona@niyazovlawgroup.com); (2) all emails from Ariel Niyazov to any employees or third parties concerning work performed by Plaintiffs on Niyazov Law clients; and (3) all electronic mail, communications, and other documents that pertain to Plaintiffs' claims of sexual harassment or failure to pay wages. After discussing for approximately thirty minutes, the Niyazov Defendants stated that they were maintaining their position that the documents requested were not relevant to Plaintiffs' claims and that Plaintiffs' requests were overly broad. The Niyazov Defendants additionally stated that Plaintiffs' request was a "fishing expedition."

The Federal Rules of Civil Procedure permit parties to "obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." *In re Agent Orange Prod. Liab. Litig.*, 517 F.3d 76, 103 (2d Cir. 2008) (citing Fed. R. Civ. P. 26(b)(1)). Moreover, "a party must be afforded a meaningful opportunity to establish the facts necessary to support [his or her] claim." *Id*. Importantly, "[i]f the evidence sought is relevant, the burden is upon the party seeking non-disclosure or a protective order to show good cause by demonstrating a particular need for protection." *Id*. (internal quotations and citations omitted).

When determining whether an entity qualifies as an "employer" under the FLSA and the NYLL, courts generally consider two separate tests, only one of which must be satisfied, with one examining the "economic realities" of a putative employer's functional control, *Zheng v. Liberty Apparel Co. Inc.*, 355 F.3d 61, 71 (2d Cir. 2003), and the other examining the entity's formal control. *Carter v. Dutchess Community Coll.*, 735 F.2d 8, 12 (2d Cir. 1984). The primary factors that courts analyze in determining whether an employer exercised functional control over an employee in the joint employment context are: (1) whether the plaintiff worked on defendant's premises using defendant's equipment; (2) whether the [defendant entity] had a business that could or did shift as a unit from one putative joint employer to another; (3) the extent to which the plaintiff performed a discrete line-job that was integral to the defendant's process of production; (4) whether responsibility under the contracts could pass from one subcontractor to another without material changes; (5) the degree to which the defendants or their agents supervised the plaintiff's work; and (6) whether the plaintiff worked exclusively or predominantly for the defendants. *Zheng*, 355 F.3d at 72; *Barfield*, 537 F.3d at 142.

Under Title VII, the Second Circuit has explained that "an employee, formally employed by one entity, who has been assigned to work in circumstances that justify the conclusion that the employee is at the same time constructively employed by another entity, may impose liability for violations of employment law on the constructive employer, on the theory that this other entity is

2

the employee's joint employer." *Arculeo v. On-Site Sales & Mktg.*, 425 F.3d 193, 197 (2d Cir. 2005). "[F]actors courts have used to examine whether an entity constitutes a joint employer of an individual include 'commonality of hiring, firing, discipline, pay, insurance, records, and supervision." *Huan Wang v. Air China Ltd.*, 2020 WL 1140458, at *5 (E.D.N.Y. Mar. 9, 2020) (citing *Shiflett v. Scores Holdings Co., Inc.*, 601 F. App'x 28, 30 (2d Cir. 2015)).

Here, Plaintiffs seek documents that are inarguably relevant to their claims as any documents provided to and from their Niyazov Law email accounts will all demonstrate both the work they performed "exclusively" for the Niyazov Defendants and the Niyazov Defendants degree of supervision. Indeed, Plaintiffs produced three emails in discovery that conclusively support the relevance of their request: (1) an email from Niyazov to both Plaintiffs containing an "[u]pdated task list" (*see* **Exhibit 3**, p. 1, PLAINTIFFS001); (2) an email from a legal assistant at Niyazov Law requesting headshots from Plaintiffs "for our firm's social media accounts" (*see* **Exhibit 3**, p. 2, PLAINTIFFS002); and an email from Skala to Niyazov Law concerning a client's IME report (*see* **Exhibit 3**, p. 3, PLAINTIFFS003). These documents all speak to their work for the Niyazov Defendants and the Niyazov Defendants' supervision over the work. While Plaintiffs attempted to work with Niyazov Defendants to narrow the scope of production in light of Defendants' concern that it was overly broad, Defendants' insistence that Plaintiffs' request for these office documents is nothing more than a "fishing expedition" is completely devoid of merit.

Plaintiffs' Request No. 3 relatedly requests all documents and communications that refer or pertain to AGA Defendants regarding work performed for Defendants' legal practice during the Relevant Period. As it is the Niyazov Defendants asserted defense in this action that the Vainer Defendants employed Plaintiffs, rather than the Niyazov Defendants, these requested documents are relevant to establishing that all work performed by Plaintiffs for Niyazov Law was ultimately at the direction of the law firm. The text messages between Defendant Vainer and Plaintiffs demonstrate the legal work being performed for Niyazov Law clients that ultimately must be supervised by an attorney, including meeting with clients "refusing doing surgery," meetings with clients about herniations/missing IME appointments, and insurance adjusters from Geico that want "to speak about settlement." *See* **Exhibit 4**, Text Messages. Indeed, these documents are vital to establish that Vainer was also an employee of Niyazov Law as Plaintiffs allege, which is directly relevant to Niyazov Law's liability under Title VII with respect to Plaintiffs' sexual harassment claims. *Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93, 103 (2d Cir. 2010) (holding that under Title VII, when "the alleged harasser is in a supervisory position over the plaintiff, the objectionable conduct is automatically imputed to the employer"). Similar to Plaintiffs' Request No. 2, Niyazov Defendants' position that Plaintiffs are seeking documents that lack relevance to their claims and serve as a fishing expedition lacks merit. This is especially the case where the relevant period is limited to only ten months, April 4, 2019 to February 14, 2020. For the reasons discussed above, Plaintiffs respectfully request that the Court order the Niyazov Defendants to produce the requested documents.

We thank the Court for its attention to this matter.

Respectfully submitted,

Jeffrey R. Maguire
Stevenson Marino LLP

C: Niyazov Defendants' counsel (via ECF)
   Vainer Defendants' counsel (via ECF)