# EXHIBIT 2



**Jeffrey R. Maguire**, Esq., Partner   o: (212) 939-7229   f: (212) 531-6129
a: 75 Maiden Lane, Suite 402, New York, NY 10038   e: jmaguire@stevensonmarino.com

September 22, 2021

<u>Via</u> Electronic Mail Only

David Feather, Esq.
Feather Law Firm, P.C.
666 Old Country Road, Suite 605
Garden City, New York 11530
dfeather@featherlawfirm.com

Arnold DiJoseph, III, Esq.
108 Main Street
Staten Island, New York 10307
adijoseph@adjlaw.com

    Re: *Zhulinska et al. v. Niyazov Law Firm, P.C. et al.*
       <u>Docket No.: 21-cv-1348-CBA-RLM</u>

Dear Mr. Feather:

  Pursuant to Judge Mann's Individual Rules and Local Rule 37.3 of the Local Rules of the Eastern District of New York ("Local Rules"), I write to address Defendant Niyazov Law Group, P.C.'s and Defendant Niyazov's (collective as "Defendants") failure to produce certain documents responsive to Plaintiffs' First Request for Production of Documents to Niyazov Defendants, in a good faith effort to resolve the issues without the need for judicial intervention. As explained in further detail below, please provide documents responsive to Plaintiffs' requests to cure the deficiencies. Otherwise, please amend Defendants' responses to state that Defendants do not possess any documents responsive to Plaintiffs' requests. Plaintiffs' specific objections to Defendants' responses are as follows:

**<u>Plaintiffs' First Requests for Production of Documents to Niyazov Defendants</u>**

<u>Response 2</u> – In response to Plaintiffs' Request No. 2, which seeks production of all electronic mail, communications, and other documents sent intra-office or to third parties that refer or pertain to Plaintiffs during the Relevant Period, Defendants objected that the information was "not relevant, is inadmissible into evidence under the Federal Rules of Civil Procedure and/or is not reasonably calculated to lead to the discovery of admissible evidence. In addition, it is overly broad and inadmissible."

  Plaintiffs' Request No. 2, made June 28, 2021, seeks information relevant to Plaintiffs' discrimination and wage and hour allegations, including information pertaining to the factual allegations asserted by Plaintiffs' concerning hostile work environment on the basis of gender and their employment relationship with Defendants. It is also relevant to Defendants' affirmative defense asserted in this action

that Plaintiffs are not employees of Defendants. Thus, these documents are proportional to the needs of the case and are important to resolving the issues of the case. *See* Rule 26(b)(1). Please provide responsive documents to this request no later than September 29, 2021, or Plaintiffs will seek Court intervention.

Response 3 – In response to Plaintiffs' Request No. 3, which seeks production of all electronic mail, communications, and other documents sent intra-office or to third parties that refer or pertain to AGA Defendants regarding work performed for Defendants' legal practice during the Relevant Period, Defendants objected that the information was "unduly burdensome and/or imposes obligations in excess of those imposed by the Federal Rules of Civil Procedure. In addition, it is overbroad and vague."

Plaintiffs' Request No. 3, made June 28, 2021, seeks information relevant to Plaintiffs' discrimination and wage and hour allegations, including Defendants' supervision of Vainer, who Defendants stated was responsible for supervising Plaintiffs. It is also relevant to Defendants' affirmative defense asserted in this action that Plaintiffs are not employees of Defendants. Thus, these documents are proportional to the needs of the case and are important to resolving the issues of the case. *See* Rule 26(b)(1). Please provide responsive documents to this request no later than September 29, 2021, or Plaintiffs will seek Court intervention.

Response 14 – In response to Plaintiffs' Request No. 14, which seeks production of documents concerning or relating to Melanie Arboleda's schedule for the Relevant Period, Defendants objected that the information was "not relevant, is inadmissible into evidence under the Federal Rules of Civil Procedure and/or is not reasonably calculated to lead to the discovery of admissible evidence. In addition, it is overly broad and inadmissible."

Plaintiffs' Request No. 14, made June 28, 2021, seeks information relevant to Plaintiffs' discrimination and wage and hour allegations. Specifically, Plaintiffs are entitled to discovery into Ms. Arboleda's scheduled hours as the presence of Ms. Arboleda in the office bears directly on her testimony concerning Plaintiffs' sexual harassment allegations and Plaintiffs' allegations concerning their hours worked. Additionally, it is relevant as to Plaintiffs' argument as to whether Defendants employed Plaintiffs as Ms. Arboleda's schedule is relevant for comparative purposes to Plaintiffs' schedule. Furthermore, it bears on Ms. Arboleda's work performed with the Plaintiffs as whether she intersected with Plaintiffs and how often is relevant to Plaintiffs' employment relationship with Defendants. Thus, these documents are proportional to the needs of the case and are important to resolving the issues of the case. *See* Rule 26(b)(1). Please provide responsive documents to this request no later than September 29, 2021, or Plaintiffs will seek Court intervention.

Response 25 – In response to Plaintiffs' Request No. 25, which seeks production of documents regarding any policies and procedures for vacation and/or time off for Plaintiffs during the Relevant Period, Defendants objected that the information was "not relevant, is inadmissible into evidence under the Federal Rules of Civil Procedure and/or is not reasonably calculated to lead to the discovery of admissible evidence."

Plaintiffs' Request No. 25, made June 28, 2021, seeks information relevant to Plaintiffs' discrimination and wage and hour allegations. Specifically, Plaintiffs any related documents responsive to this request are relevant to Plaintiffs' employment relationship with Defendants. Thus, these documents are proportional to the needs of the case and are important to resolving the issues of the case. *See* Rule 26(b)(1). Please provide responsive documents to this request no later than September 29,

2021, or Plaintiffs will seek Court intervention.

**Meet and Confer Requirements under Local Rule 37.3**

Pursuant to Judge Mann's Individual Rules and Local Rule 37.3, please provide your availability for a meet and confer by telephone at your earliest opportunity, but no later than September 28, 2021, to discuss Defendants' failure to produce the above-described documents in order to avoid judicial intervention if possible.

Dated: New York, New York
September 22, 2021

        Very truly yours,

        STEVENSON MARINO LLP
        *Attorneys for Plaintiffs*
        75 Maiden Lane, Suite 402
        New York, New York 10038
        Tel. (212) 939 - 7229
        Fax. (212) 531 - 6129

        _____
        Jeffrey R. Maguire