October 19, 2021

*Via ECF*
The Honorable Roanne L. Mann
United States Magistrate Judge for the
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:     *Zhulinska v. Niyazov Law Group, P.C. et al.*
        *Docket No: 21-cv-1348 (CBA)(RLM)*

Dear Judge Mann:

Counsel for the Plaintiffs, Nadiia Zhulinska, Ilona Skala, and Marbella Santos (collectively as "Plaintiffs"), and counsel for Defendants Niyazov Law Firm, P.C. ("Niyazov Law") and Ariel Niyazov (collectively as the "Niyazov Defendants"), in the above-referenced action involving sexual harassment claims under Title VII of the Civil Rights Act of 1964, as amended, and the New York City Human Rights Law and wage and hour violations under the Fair Labor Standards Act and the New York Labor Law, submit this status report pursuant to the Court's Order dated October 12, 2021. *See* Dkt. No. 48.

On October 12, 2021, the Court held a conference to hear oral argument on, *inter alia*, Plaintiffs' motion to compel document production against the Niyazov Defendants. On that same day, the Court entered an order, granting "plaintiffs' motion to compel regarding the Niyazov defendants in substantial part." *See* Dkt. No. 48. In its order, the Court held, in part, that the Niyazov Defendants:

> [M]ust conduct a search for electronic documents and information
> relevant to plaintiff's claims of sexual harassment and failure to
> pay wages, including information regarding plaintiffs' employment
> status, from the following custodians: plaintiff Nadia Zhulinska,
> plaintiff Ilona Skala, defendant Ariel Niyazov, defendant Gary
> Vainer, and plaintiffs' direct supervisor [Melanie Arboleda].

*See* Dkt. No. 48. The Court directed the parties to confer regarding the selection of search terms to be used and a stipulated ESI protocol, and file a joint status report by October 15, 2021. On October 14, 2021, Plaintiffs sent the Niyazov Defendants a proposed list of search terms and ESI protocol. On that same day, the parties held a meet and confer to discuss the suggested search terms. On October 15, 2021, the Niyazov Defendants requested an extension

1

of the deadline to October 19, 2021, which the Court granted. On October 19, 2021, Defendants provided a response to Plaintiffs' proposed list of search terms and ESI protocol. On this same day, Plaintiffs and the Niyazov Defendants held a second meet and confer, which lasted approximately thirty-five minutes, but was ultimately unproductive in setting the parties' disputes. Due to their failure to reach an agreement, the parties respectfully seek the Court's intervention and state their respective positions as follows:

Plaintiffs' Position:

With respect to each objection that the Niyazov Defendants made regarding Plaintiffs' search term requests being overly broad, the Niyazov Defendants did not search any emails or provide any estimate as to how many emails would be implicated by each search. Thus, the objection to Plaintiffs' requests as being overly broad and/or burdensome is made without any analysis of whether the search would result in a few emails or thousands of emails. The Niyazov Defendants additionally stated that they would not retain an outside ESI vendor but would instead be required to go through each and every email to discern whether the email was relevant. Additionally, although Plaintiffs provided ESI production format specifications (*see* **Exhibit 1)**, the Niyazov Defendants responded that they were only producing documents in paper or PDF, whichever Plaintiffs prefer.

Defendants' Position:

The Plaintiffs' initial list of proposed search terms and ESI protocol, and the Defendants' response to same, is annexed hereto as **Exhibit 2.**

It should be noted that the Plaintiffs' position vis-à-vis the words and terms it is seeking to be searched as set forth in this letter is different than that what is set forth in its ESI Protocol proposal.  For example, in their ESI Protocol proposal, the Plaintiffs requested all e-mails received and sent on eighteen (18) separate days.  However, in this letter, Plaintiffs appear to qualify that search with the Plaintiffs' names.  Similarly, in Number 4, below, the Plaintiffs also appear to qualify the search terms therein with the Plaintiffs' names.  While this has narrowed the requested search slightly, the Defendants still object to a number of the requested search terms, as set forth herein.

The Plaintiffs herein have requested that Defendants do a search of approximately SIX HUNDRED AND FIFTY-FOUR (654) terms and combinations thereof!  This includes, but is not limited to, all e-mails sent or received by the Plaintiffs herein, or that even mention the Plaintiffs herein, on eighteen (18) separate days, all e-mails that mention eight individuals, including non-parties, all emails that contain such generic, general terms as "dollar", "$", "check", "cash", all emails that include the names of two corporate defendants, "AGA" and

"Bay Queens", and all emails that contain such terms as "shred", "file", "arbitration", "insurance", "medical" and "office" in the same email as the Plaintiffs.  These requests are simply not specifically tailored to the issues of sexual harassment, wages and employment status.

The Defendants have agreed to the following forty-two (42) search terms, which are certainly relevant and tailored to the Plaintiffs' claims of sexual harassment and failure to pay wages as is set forth in the Complaint (and information regarding their employment status): "Marbella", "Santos", "Marbella Santos", "Zhu", "Anna Zhu" and "Carter"; Complain*, touch*[1], dinner, restaurant,  dine, meal, food, alcohol, drink, "ketel", vodka, spa, "bath house", banya, towel, robe, naked, sex or "blow job", head, desk;[2] wages, $15, $13, $640, $500, "minimum wage", raise, overtime, salary, "lunch break", break, "independent contractor", employee, "hours per week" and "head shot".

It is clear that Plaintiffs desire is not just to obtain emails regarding their allegation that Defendant Gary Vanier sexually harassed them, or that Defendant AGA Legal Staffing failed to pay them proper wages, or their employment status.  Rather, the Plaintiffs wish to cast a broad net in order to obtain all emails regarding the Plaintiffs, and in particular the duties and responsibilities performed by them.  This is what the Plaintiffs requested in their initial motion to compel, and the Court, by narrowing the focus of the ESI search to the three categories listed in the Court's Order, clearly rejected this.  The Plaintiffs are simply attempting to do an "end run" this Court's Order by insisting on their expansive, broad and non-specific search terms (and combinations thereof) herein.

Finally, Defendants have offered to provide any responsive emails in either paper form or in pdf format, and to organize them via category - (1) Plaintiffs' claims of sexual harassment; and (2) failure to pay wages, and (3) Plaintiffs' employment status.   It is not anticipated that the resulting relevant emails will be voluminous, and thus there is no need to provide them in a digital, searchable format, as Plaintiffs are demanding.  In addition, ordering the Defendants to do so would necessitate the hiring of an outside IT vendor by the Defendant Ariel Niyazov, and thus would force Mr. Niyazov to incur an expense which is simply not necessary.

Finally, and as per the Court's Order of October 12, 2021, Defendants will also produce a list of the emails in Plaintiffs' inboxes and outboxes, without producing the contents of the emails.

---

[1] Defendants have agreed to search for these words with root expanders, for example, "Complaint" and "Touching".

[2] Defendants have further agreed to search for the terms in this particular section in both English and Russian.

3

Plaintiffs' specific requests are as follows, followed by Plaintiff's position and Defendant's position.

1. **Proposed search terms:** Emails on 1/24/2019 – 1/25/2019; 4/4/2019; 4/8/2019 – 4/9/2019; 4/23/2019; 5/29/2019; 6/8/2019; 10/2/2019; 11/13/2019 – 11/14/2019; 11/15/2019; 11/20/2019 – 11/21/2019; 12/10/2019; 12/24/2019; 2/13/2020; 9/14/2020; And
   "NADIIA ZHULINSKA" or Nadiia or Nadia or Zhulinska or "Nadia Zhulinksa" or "ILONA SKALA" or Ilona or Skala or "Marbella Santos" or "Marbella" or "Santos" or "Carter" or "legal assistant" or assistant or paralegal or secretary.

   - *Plaintiffs' position*: The foregoing search is targeted on specific dates that key events occurred (e.g., Plaintiffs allege they commenced their employment, ended their employment, and alleged sexual misconduct occurred). To ensure we're not receiving extraneous information, we are limiting the information by the Plaintiff's names.

   - *Defendants' position*: As set forth above, the Defendants do not object to searching for "Marbella Santos", Marbella", "Santos" or "Carter" for the dates listed, or any dates within the relevant timeframe. Ms. Santos and Ms. Carter are apparently former employees of Defendant AGA Legal Staffing who allegedly accused Defendant Gary Vainer of sexual harassment.

     However, a search of every e-mail on the eighteen (18) days listed that contain the Plaintiff's names as well as the terms "legal assistant", "assistant", "paralegal" and "secretary" is grossly overbroad and not tailored to the categories in the Court's Order.

     In addition, the Plaintiffs insistence that the Defendants search for their names in a number of different spellings both herein and in Sections 4 and 5 below is puzzling at best.

2. **Proposed search terms:** Marbella or Santos  or "Marbella Santos" or Anna or Zhu or "Anna Zhu" or Melanie or "Melanie Arboleda" or Thanisa or "Thanisa Perez" or Svetlana or "Svetlana Lukhymchuk" or Dalia or "Dalia Elward" or Elena or "Elena Lutskaya" or "Carter"

   - *Plaintiffs' position:* Plaintiffs' request for specified names contains each person identified in the Rule 26 Initial Disclosures and Interrogatory Responses provided by the parties in this action as having information relevant to the action. Although Defendants did not object to the search terms for Marbella Santos, Anna Zhu, or Carter, the Niyazov Defendants objected to all other names. These search terms are relevant to Plaintiffs' claims for two reasons. First, Plaintiffs possess evidence in the form of text messages that Melanie Arboleda, Thanisa Perez, Dalia Elward, and Elana Lutskaya were aware of and discussed inappropriate sexual conduct in the office created by Defendant Vainer. Second, emails containing these individuals' names, who all

performed work for the Niyazov Defendants, will establish whether the work performed by Niyazov Law employees is the same work performed by Plaintiffs, who the Niyazov Defendants take the position were correctly classified as "independent contractors." This is especially relevant because the Niyazov Defendants take the position that <u>only</u> Melanie Arboleda was a Niyazov Law employee during this relevant period despite evidence to the contrary.

- *Defendants' position:* Defendant has no objection to the search terms Marbella or Santos  or "Marbella Santos", or Carter, or Anna or Zhu or "Anna Zhu".  As stated above, Ms. Santos and Ms. Carter are apparently former employees of Defendant AGA Legal Staffing who allegedly accused Defendant Gary Vainer of sexual harassment, and Anna Zhu is a Defendant herein.

  However, the other individuals listed are current or former employees of either AGA Legal Staffing, Defendant Niyazov Law Group or, in the case of Thanisa Perez, a non-party law firm that was located in the same suite as Defendant Niyazov Law Group. The Plaintiffs have not asserted that they sent or received any emails regarding the alleged sexual harassment or their wages to any of these individuals, nor is there any evidence that the alleged sexual harassment or failure to pay wages to the Plaintiff was ever discussed via email with these individuals.

  To demand Defendants retrieve and review all emails that mention these individuals (which would apparently include all emails which were sent to and received from these individuals) would be grossly burdensome.  By way of example only, Defendant Niyazov certainly communicated via email with his legal assistant, Melanie Arboleda, numerous times per day.  For the ten-month period that the Plaintiff is requesting emails, that would certainly total hundreds of emails.  .

  The Plaintiffs are clear regarding their intent: they hope to obtain all emails that mention these individuals and/or these individuals' duties and responsibilities, and not just, as the Court has ordered, those that are related to the Plaintiffs' claims of sexual harassment against Defendant Gary Vainer, the Plaintiffs' claims that Defendant AGA Legal Staffing failed to pay them proper wages, or their employment status.

3. **Proposed search terms:** Search of all custodians other than Vainer from April 14, 2019 through February 14, 2020, and then search for his Vainer's name in the following formats: (Gary or Vainer or Vainer or "Gary Vainer" or "Gary Vainer")

- *Plaintiffs' position*: Because there is no dispute that Vainer supervised Plaintiffs for the entirety of this period, all emails from the Niyazov Defendants to Vainer would establish the employment relationship between the Niyazov Defendants and Vainer,

which would in turn establish Plaintiffs' employment relationship with the Niyazov Defendants.

- *Defendants' position*: By insisting that Defendant Gary Vainer's name be used as a search term, the Plaintiffs are again attempting to cast an extraordinarily wide net, one that is clearly disproportionate to the issues at question herein.  To direct Defendant Niyazov to retrieve and review each and every email which mentions "Gary Vainer", whom all parties agree performed services for the Defendant Niyazov Law Group, would be burdensome and onerous.

4. **Proposed search terms:** Compensation or wages or dollar or "$" or "minimum wage" or 15 or 13 or 640 or 500 or raise or overtime or salary or "lunch break" or break or "independent contractor" or employee or "hours per week" or check or cash or "assistant" or paralegal or "head shot"
   And
   "NADIIA ZHULINSKA" or Nadiia or Nadia or Zhulinska or "Nadia Zhulinksa" or "ILONA SKALA" or Ilona or Skala or "legal assistant" or assistant or paralegal or secretary.

- *Plaintiffs' position:* Initially, Plaintiffs' proposal was to include the foregoing terms, without a limitation on Plaintiffs' names. Plaintiffs subsequently added Plaintiffs' names to attempt to address Defendants' concern that the request was overbroad. The foregoing search would elicit information relating to compensation/overtime paid (or unpaid) to Plaintiffs, as well as Plaintiffs' employment status.

- *Defendants' position*:  As is set forth above, Defendants have agreed to search for any emails which contain the following words/terms: wages, $15, $13, $640, $500, "minimum wage", raise, overtime, salary, "lunch break", break, "independent contractor", employee, "hours per week" and "head shot".  These search terms are broad enough to capture any emails regarding the Plaintiffs' allegation that Defendant AGA Legal Staffing failed to pay them proper wages, as well as their employment status.  To ask a personal injury law firm to search for all emails that contain the word "dollar" or "$" is surely burdensome, overly broad and disproportional to what is being sought herein.

5. **Proposed search terms:** Phone or scan or shred or file or IME or arbitration or insurance or medical or office
   And
   "NADIIA ZHULINSKA" or Nadiia or Nadia or Zhulinska or "Nadia Zhulinksa" or "ILONA SKALA" or Ilona or Skala or "legal assistant" or assistant or paralegal or secretary.

6

- *Plaintiffs' position*: In order to establish Plaintiffs' "employment status," these emails are vital in establishing Plaintiffs' claims that the Niyazov Defendants employed them and the search would be limited to identifying emails relative to the Plaintiffs.

- *Defendants' position:* These search terms are irrelevant to the Plaintiffs' claims of sexual harassment by Defendant Gary Vainer, Defendant AGA Legal Staffing's failure to pay them proper wages or their employment status.  The Plaintiffs are obviously attempting to establish their duties and responsibilities.  Defendants do not believe there is a material disagreement as to those duties.

6. **Proposed search terms:** For the period 4/4/19 through 2/14/20, the following terms: "AGA" or "Bay Queens."

- *Plaintiffs' position:* Emails that contain these search terms are relevant to Plaintiffs' wage claims and as well as to the employment relationship between the Niyazov Defendants and Plaintiffs.

- *Defendants' position:* Neither of these search terms have any relevance to the Plaintiffs' allegations of sexual harassment, the alleged failure of Defendant AGA Legal Staffing to pay them properly or their employment status.  In addition, retrieving and reviewing all emails that contain the term "AGA" would be unduly burdensome upon the Defendants.

We thank the Court for its time and attention to this matter.

Respectfully submitted,

Jeffrey R. Maguire, Esq.
*For the Firm*

To: Defendants' counsel via ECF